## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### TAMPA DIVISION

**JULIA A. HOONHOUT,**
**ROBERT A. HOONHOUT, and**
**KATHLEEN A. HOONHOUT**

    **Plaintiffs,**

v.                                                                       **Case No. 8:05-cv-1023-T-30TGW**

**MANATEE COUNTY SCHOOL BOARD,**

    **Defendant.**
_____/

## **ORDER**

    THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss (Dkt. 7) and Plaintiff's Response thereto (Dkt. 10). For the reasons set forth below, this Court finds that Defendant's Motion should be **DENIED**:

    Plaintiffs have filed this action seeking injunctive and other relief via a review of the final order of a State of Florida, Division of Administrative Hearings' Administrative Law Judge (hereinafter "ALJ") (Dkt. 1-1). Defendant's Motion to Dismiss seeks dismissal on the grounds that Plaintiffs' filed their Complaint one day beyond the thirty (30) day statute of limitations period[1] (Dkt. 7). This Court, however, finds Defendant's rationale unpersuasive.

    While docketed on July 1, 2005, Plaintiff's Complaint, according to the affidavit of Josh Hartman, the courier service employee, was deposited in this Court's depository box

---

[1] The ALJ's Order stated, in part, the order was final unless the "adversely affected party [brought] a civil action within 30 days in the appropriate federal district court" (Dkt. 1, Ex.1 at 44).

at 5:02 p.m. on May 31, 2005 (Dkt. 11). Based on the circumstances surrounding the filing of the Complaint, as detailed in Mr. Hartman's affidavit (Dkt. 11), this Court finds the two minute delay in filing excusable neglect. See Zipperer By and Through Zipperer v. School Board of Seminole County, 111 F.3d 847, 849-50 (11th Cir. 1997)(citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507. U.S. 380, 388 (1993))(stating that a court, in analyzing a claim of excusable neglect, should consider "all relevant circumstances surrounding the party's omission").

It is therefore ORDERED and ADJUDGED:

1. Defendant's Motion to Dismiss (Dkt. 7) is **DENIED.**

2. Defendant is ordered to respond to the Complaint within **twenty (20) days** of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on September 26, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2005\05-cv-1023 Motion to Dimiss -timeliness - denied.frm